19 F.3d 1429
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Virgil Ira McCLUNG, Jr., Petitioner Appellant,
v.
William SMITH, Warden, Respondent Appellee.
 No. 93-6892.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 8, 1994.
Decided March 17, 1994.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. William M. Nickerson, District Judge. (CA-92-2536-WN)
 Virgil Ira McClung, Jr., appellant pro se.
 John Joseph Curran, Jr., Atty. Gen., Gary Eugene Blair, Office of the Attorney General of Maryland, Baltimore, MD, for appellee.
 D.Md.
 DISMISSED.
 Before PHILLIPS, MURNAGHAN and HAMILTON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellant seeks to appeal the district court's order denying relief on his 28 U.S.C. Sec. 2254 (1988) petition. Our review of the record and the district court's opinion accepting the recommendation of the magistrate judge discloses that this appeal is without merit. Accordingly, we deny a certificate of probable cause to appeal and dismiss the appeal on the reasoning of the district court.* McClung v. Smith, No. CA-92-2536-WN (D. Md. Aug. 16, 1993). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 DISMISSED
 
 
 *
 We note that the magistrate judge addressed the competency of Appellant's representation by counsel on his first federal habeas corpus petition to determine whether cause existed to excuse Appellant's failure to raise the present claims in that first petition. See Jones v. Estelle, 722 F.2d 159, 167 (5th Cir.1983), cert. denied, 466 U.S. 976 (1984). Nevertheless, it is now well established that ineffective representation by counsel on an initial habeas corpus petition, including the failure to raise an issue, may not serve as cause to excuse the default. See Coleman v. Thompson, 59 U.S.L.W. 4789, 4797 (U.S.1991); Murray v. Carrier, 477 U.S. 478, 486-88 (1986); United States v. MacDonald, 966 F.2d 854, 859 & n. 9 (4th Cir.), cert. denied, 61 U.S.L.W. 3400 (U.S.1992). Appellant failed to show cause for his default or that failure to address the claims will result in a fundamental miscarriage of justice